IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JEFFREY D. ARMITIGE § | | |
| TDCJ-CID #820768 § | | |
| § | | |
| v. § | | C.A. NO. C-06-367 |
| § | | |
| WILMA JENSEN CHERRY, ET AL. § | | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE**

This civil rights action was filed by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that plaintiff's claim against the University of Texas Medical Branch ("UTMB") be dismissed as

barred by the Eleventh Amendment and for failure to exhaust his administrative remedies. It is respectfully recommended that plaintiff's Eighth Amendment claims alleging deliberate indifference to his serious medical needs against the individual defendants be retained on the Court's docket.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. FACTUAL ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division, and is currently incarcerated at the Beto Unit in Tennessee Colony, Texas, although his claims concern events that occurred while incarcerated at the McConnell Unit in Beeville, Texas. He is suing Wilma Jensen Cherry and Ruby Hinz, Nurse Practitioners ("N.P."), Richard Woodcroft, a Physician's Assistant ("P.A."), and the University of Texas Medical Branch ("UTMB"). The following allegations were made in plaintiff's original complaint, or at a September 6, 2006 Spears[1] hearing.

On August 17, 2004, plaintiff fell, injuring his right leg. He was given Motrin, an ice-pack, and crutches. The next morning, N.P. Cherry examined his

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

leg and told him that he needed an x-ray, however, she did not order one.

Because plaintiff's leg remained swollen, and he was in pain, he submitted sick call requests to be seen by medical staff. On August 25, 2004, P.A. Woodcroft examined him. P.A. Woodcroft opined that plaintiff had a torn ligament. P.A. Woodcroft refused to order an x-ray and took his crutches away.

On September 1, 2004, N.P. Hinz examined plaintiff. She refused to order an x-ray and refused to return his crutches.

On September 22, 2004, Nurse Hinz examined plaintiff again and, this time, she ordered x-rays. Plaintiff's x-rays revealed a fractured tibia, exacerbated by lack of medical intervention, and emergency surgery was ordered. Plaintiff underwent the surgery on October 14, 2004, which included the necessary placement of five pins to repair his leg.

In October 2004, plaintiff filed a Step 1 grievance against N.P. Cherry, N.P. Hinz, and P.A. Woodcroft, but it was denied. His Step 2 appeal was denied in November 2004.

In September 2005, the doctors at John Sealy Hospital told plaintiff that there was nothing more they could do for his right leg. Eventually, he was transferred to the Beto Unit to receive physical therapy.

Plaintiff testified that he still has difficulty walking. His right leg "dips" and tires easily. His leg gets stiff in colder weather. He is diabetic and he can no

longer control his diabetes as well because he cannot exercise such that his overall health has suffered.

Plaintiff claims that defendants' repeated refusal to use x-rays to diagnose properly his condition and the delay in treatment and care constitutes deliberate indifference to his serious medical needs in violation of the Eighth Amendment. He is seeking injunctive relief in the form of an immediate referral to a bone specialist for corrective measures on his leg, plus continuation of proper medical treatment and proper work restrictions. He also seeks compensatory and punitive damages.

### III.  DISCUSSION

**A.     Legal Standard.**

Plaintiff's action may be dismissed for failure to state a claim upon which relief can be granted despite his failure to exhaust administrative remedies. 42 U.S.C. § 1997e(c)(2). The Supreme court has held that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); accord Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support

of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. Id.

**B.     Claims Against UTMB.**

At the evidentiary hearing, plaintiff testified that he named UTMB as a defendant because it employed the individual defendants, but he admitted that he had not filed a grievance against UTMB. Accordingly, it is respectfully recommended that plaintiff's claims against UTMB be dismissed for failure to exhaust. See Woodford v. Ngo, 548 U.S. __, 126 S. Ct. 2378, 2387 (2006).

However, even if plaintiff had exhausted his claims against UTMB as required by 42 U.S.C. § 1997e(a), he is barred from suing UTMB because it is an agency of the State of Texas, and as such, it is entitled to Eleventh Amendment immunity. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996) (Eleventh Amendment bars a suit for money damages against a state or state agency); Sampson v. United States, 73 Fed. Appx. 48, 49 (5th Cir. Aug. 12, 2003) (per curiam) (unpublished) (UTMB is an agency of the State of Texas and immune to suit in federal court under the Eleventh Amendment). Thus, it is respectfully recommended that plaintiff's claims against UTMB be dismissed with prejudice as barred by the Eleventh Amendment.

**C.     Deliberate Indifference To Serious Medical Needs.**

In order to state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege the official(s) acted with deliberate indifference to serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 105 (1976); Wilson v. Seiter, 501 U.S. 294, 303 (1991); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991) (per curiam).  Deliberate indifference encompasses more than mere negligence on the part of prison officials.  It requires that prison officials be both aware of specific facts from which the inference could be drawn that a serious medical need exists and then the prison official, perceiving the risk, must deliberately fail to act.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Furthermore, negligent medical care does not constitute a valid § 1983 claim.  Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).  As long as prison medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights.  See Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982).  Finally, active treatment of a prisoner's serious medical condition does not constitute deliberate indifference, even if treatment is negligently administered.  See Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999); Mendoza, 989 F.2d at 195; Varnado, 920 F.2d at 321.  "Deliberate indifference is an extremely high standard to meet."  Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).

Plaintiff has alleged sufficient facts to state claims of deliberate indifference

to pass § 1915A screening against the individual defendants. N.P. Cherry, N.P. Hinz, and P.A. Woodcroft each examined plaintiff, observed his swollen leg and difficulty ambulating, and heard his complaints of pain firsthand, yet each denied him more appropriate diagnostic measures. These allegations state a claim of deliberate indifference. Accordingly, it is recommended that plaintiff's claims against defendants in their individual capacities for money damages be retained on the Court's docket, and service ordered on these defendants.

To the extent that plaintiff is suing the individual defendants in their official capacities, those claims are against the entity the employee represents, in this case, either the TDCJ-CID or UTMB. As previously noted, the Eleventh Amendment bars a suit for money damages against a state or state agency. Seminole Tribe of Florida, 517 U.S. at 54. A judgment may not be entered against a state officer in his official capacity for violating federal law in the past, although prospective relief may be granted. See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993). Thus, it is respectfully recommended that plaintiff's claims against the individual defendants in their official capacities be dismissed with prejudice.

Plaintiff's claims for injunctive relief, specifically, his request to see a bone specialist and to be provided with continuing care, are rendered moot by his transfer from the McConnell Unit. See Edwards v. Johnson, 209 F.3d 772, 776

(5th Cir. 2000) (prisoner's claim for injunctive relief stemming from denial of access to press rendered moot when he was transferred to another facility). Plaintiff is now on the Beto Unit, and the Court does not have jurisdiction over the Beto Unit officials to order the injunctive relief he seeks. Thus, it is respectfully recommended that plaintiff's claims for injunctive relief be dismissed as moot.

## IV.  RECOMMENDATION

It is respectfully recommended that plaintiff's claims against UTMB be dismissed for failure to exhaust his administrative remedies. Moreover, it is respectfully recommended that plaintiff's claims against UTMB and against the individual defendants in their official capacities be dismissed as barred by the Eleventh Amendment, and that his claims for injunctive relief be dismissed as moot. Finally, it is respectfully recommended that his claims against N.P. Cherry, N.P. Hinz, and P.A. Woodcroft in their individual capacities for money damages alleging deliberate indifference to his serious medical needs be retained on the Court's docket.

Respectfully submitted this 7th day of September 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).