IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JEFFREY D. ARMITIGE § | | |
|    TDCJ-CID #820768 § | | |
| v. § | | C.A. NO. C-06-367 |
| § | | |
| WILMA JENSEN CHERRY, ET. AL. § | | |

### MEMORANDUM AND RECOMMENDATION
### TO DENY DEFENDANT'S MOTION TO DISMISS

Plaintiff filed this civil rights action, complaining that defendant Wilma Cherry, a nurse practitioner at the Texas Department of Criminal Justice, Correctional Institutions Division's McConnell Unit, was deliberately indifferent to his health and safety when she examined an injury in August 2004, but failed to order x-rays. (D.E. 1, at 2).[1] Defendant Cherry[2] moves to dismiss plaintiff's claims as barred by limitations. (D.E. 19). For the reasons stated herein, it is respectfully recommended that defendant Cherry's motion to dismiss be denied.

### I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

---

[1] Plaintiff also named Richard Woodcroft and Ruby Hinz as defendants in additional denial of medical care claims. (D.E. 1, at 2). However, those defendants have not filed a motion to dismiss.

[2] Plaintiff named "Wilma Jensen Cherry" as a defendant in his original complaint. (D.E. 1, at 2). Defendants' answer notes that she is married and now goes by "Wilma Lynne Cherry." (D.E. 18, at 1).

## II. FACTUAL ALLEGATIONS

The following allegations were made in plaintiff's original complaint, (D.E. 1), or at the September 6, 2006 Spears[3] hearing.

On the evening of August 17, 2004, plaintiff visited the prison infirmary after falling and injuring his leg. Wilma Cherry, a nurse practitioner, examined plaintiff. She gave him crutches, Motrin, and an ice pack, and told him to come back the next morning. "On the morning of Aug. 18, 2004, I was seen by N.P. W. Jensen. During the medical evaluation it was obvious that x-rays were required. For whatever reason no x-rays were ordered." (D.E. 1, at 5).

On August 25, 2004, defendant Richard Woodcroft examined plaintiff. He purportedly told plaintiff that the injury was a torn ligament and took plaintiff's crutches from him, and did not order any x-rays. Plaintiff visited the infirmary again on September 1, 2004 and received Ibuprofen from defendant Ruby Hinz, and still no x-rays were ordered.

On September 22, 2004, x-rays revealed that plaintiff's tibia had been fractured. Plaintiff claims that the delay in x-rays worsened the condition of his leg. On October 14, 2004, plaintiff underwent surgery to repair the fractured tibia,

---

[3] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

and five pins were inserted into his right leg. Since then, his leg has not fully recovered. He reports that it is tense when he walks and stiffens in cold weather. He also states that he cannot stand or walk for long periods of time, and that his inability to exercise because of the injury worsens his diabetes.

In September 2005, plaintiff was told that doctors could not do anything else to treat his injury. Plaintiff participated in physical therapy through May 2006. He wants additional physical therapy. He also alleges that bone is missing from his leg as a result of the surgery.

Plaintiff was 46 years old at the time the injury occurred, 48 at the time of the Spears hearing, and will be 49 years old in February 2007. He asserts that his medical records would show that he requested x-rays on three separate occasions before the x-rays were finally ordered. He claims that as a result of the delay between the time of injury and the time x-rays were ordered and he was treated, his condition worsened and therefore he will always have problems with his leg.

Plaintiff filed a Step One Grievance on October 6, 2004, claiming that all three defendants denied him adequate medical treatment by denying him x-rays. On November 19, 2004, he filed a Step Two Grievance to challenge the denial of his Step One Grievance. Plaintiff filed this action in August 2006. He is suing Ms. Cherry in her official capacity as a nurse practitioner with the McConnell Unit.

On November 6, 2006, defendant Cherry filed the following motion to dismiss in its entirety:

> Defendant Wilma Lynne Cherry files this motion to dismiss Plaintiff's claims against her as barred by the applicable two-year statute of limitations. It is well established that the statute of limitations for a civil rights action is determined by state law. Thus, in actions brought pursuant to 42 U.S.C. § 1983, federal courts must borrow the forum state's general personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249-50, 109 S. Ct. 573, 582 (1989); *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). In Texas, that period is two years. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 2002); *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990).
> Plaintiff states that Defendant Cherry denied him medical treatment on August 18, 2004. Pl.'s Pet., at 3. Plaintiff filed his complaint on August 23, 2006, more than two years after Defendant Cherry treated him. *See* Docket Entry No. 1. Therefore, Plaintiff's claim is time-barred by limitations and should be dismissed.

(D.E. 19, at 1).

## III.  **DISCUSSION**

**A.    Motion to Dismiss Standard of Review.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes courts to dismiss claims on the basis of dispositive law. Fed. R. Civ. P. 12(b)(6); <u>Neitzke v. Williams</u>, 490 U.S. 319, 326 (1989) (citations omitted). When ruling on a motion to dismiss, a court must accept the plaintiff's factual allegations as true, and view

these allegations in a light most favorable to the plaintiff. Capital Parks, Inc. v. Southeastern Adver. & Sales Sys., Inc., 30 F.3d 627, 629 (5th Cir. 1994) (citation omitted); Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994). Indeed, a court should not look beyond the pleadings. Cinel, 15 F.3d at 1341; McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992).

A Rule 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); accord Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991) (quoting Conley). Thus, the central question before the Court is whether plaintiff's complaint states any valid claim for relief. See Conley, 355 U.S. at 45-46; Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).

The Fifth Circuit has determined that "[a] statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the pleadings that the action is barred." Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003); accord Watts v. Graves, 720 F.2d 1416, 1423 (5th Cir. 1983) (per curiam). The Court must find that "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Watts, 720 F.2d at 1423.

**B.      Statute of Limitations for a § 1983 Claim.**

Plaintiff complains that Ms. Cherry was deliberately indifferent to his health and safety when she failed to order x-rays to diagnose his injury on August 17, 2004.  His signed complaint was dated August 17, 2006.  (D.E. 1, at 4).  The envelope containing the complaint mailed to the Clerk's office was postmarked on August 21, 2006.  Id. at 7.  It was filed with the Court on August 23, 2006.  See id.

There is no federal statute of limitations for § 1983 claims; instead, the federal courts borrow from the forum state's general or residual personal injury limitations period.  Rodriguez v. Holmes, 963 F.2d 799, 803 (5th Cir. 1992) (citing Owens v. Okure, 488 U.S. 235 (1989)).  In Texas, the applicable limitations period is two years.  Tex. Civ. Prac. & Rem. Code § 16.003(a);[4] see also Gonzales v. Wyatt, 157 F.3d 1016, 1020 (5th Cir. 1998).

Accrual of a § 1983 claim is governed by federal law.  Rodriguez, 963 F.2d at 803.  A cause of action accrues when plaintiff knows, or has reason to know of the injury which is the basis of the action.  Harris v. Hegmann, 198 F.3d 153, 157 (5th Cir. 1999) (per curiam) (citations omitted); Gonzales, 157 F.3d at 1020.

---

[4] Pursuant to statute, "a person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues."  Tex. Civ. Prac. & Rem. Code § 16.003(a).

The Fifth Circuit has held that "a pro se prisoner litigant's Section 1983 complaint is filed as soon as the pleadings have been deposited in the prison mail system." Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998) (per curiam) (citation omitted). The Supreme Court has noted that "'[u]nskilled in law, unaided by counsel, and unable to leave the prison, a pro se prisoner's control over the processing of his notice necessarily ceases as soon as he hands it over.'" Spotville, 149 F.3d at 376 (quoting Houston v. Lack, 487 U.S. 266 (1988)). In applying the mailbox rule to § 1983 complaints, the Fifth Circuit stated that prisoners "cannot visit the courthouse to ensure that their pleadings are stamped 'filed'; and they can neither place their complaints personally in the hands of United States postal workers nor phone the district court to ascertain whether the papers have been delivered." Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995) (citations omitted).

Defendant states that plaintiff's action is barred by limitations because it was filed on August 23, 2006, which was five days after the limitations period ended. (D.E. 19, at 1). However, pursuant to the mailbox rule, plaintiff's complaint cannot be deemed filed any later than the date that he delivered it to prison authorities for mailing. Plaintiff's complaint was postmarked August 21, 2006; however, it was signed on August 17, 2006. (D.E. 1 at 4, 7). It is conceivable that

7

plaintiff's complaint was placed in the prison mail system the same day he signed it. See Sonnier v. Johnson, 161 F.3d 941, 944-45 (5th Cir. 1998) (per curiam); see also Roberts v. Cockrell, 319 F.3d 690, 692 n.2 (5th Cir. 2003) ("earliest possible date that [the plaintiff] could have filed his application is the day he signed it").

Viewing the facts before the Court in a light most favorable to the plaintiff, his complaint was timely filed on August 17, 2006. In her motion, defendant Cherry acknowledges that the alleged denial of medical treatment occurred on August 18, 2004. (D.E. 19, at 1). It is respectfully recommended that there exist facts, which support a finding that plaintiff timely filed his complaint. See Conley, 355 U.S. at 45-46; Watts, 720 F.2d at 1423.

## IV. RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that defendant Wilma Cherry's motion to dismiss, (D.E. 19), be denied.

Respectfully submitted this 31st day of January 2007.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, 28 U.S.C. § 636(b)(1)(C), and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n., 79 F.3d 1415 (5th Cir. 1996) (en banc).